IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) ) ) | **CIVIL ACTION NO. 3:09cv** |
| **Plaintiff,** | ) ) | **COMPLAINT** |
| v. | ) ) | |
| **CHESCO SERVICES f/k/a CHESTERFIELD COUNTY BOARD OF DISABILITIES AND SPECIAL NEEDS,** | ) ) ) ) | **JURY TRIAL DEMAND** |
| **Defendant.** | ) ) | |

NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act to correct unlawful employment practices on the basis of age and to provide appropriate relief to Larry O. Knight, who was adversely affected by such practices. As alleged with greater particularity below, Plaintiff, the United States Equal Employment Opportunity Commission ("the Commission") alleges that Defendant CHESCO Services f/k/a Chesterfield County Board of Disabilities and Special Needs ("Defendant") failed to select Larry O. Knight, then age 73, for the position of CTH II Coordinator because of his age.

JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference §§ 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of South Carolina. This lawsuit is being filed in the Columbia Division because a substantial part of the events or omissions giving rise to the claims alleged in this suit occurred within the Columbia Division.

## PARTIES

3. Plaintiff is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, Defendant has continuously been a South Carolina corporation doing business in the State of South Carolina and the City of Columbia, and has continuously had at least twenty (20) employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

## CONCILIATION

6. Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

STATEMENT OF CLAIMS

7. In or around January 2007, Defendant engaged in unlawful employment practices in violation of Section 4(a)(1) of the ADEA, 29 U.S.C. §623(a)(1) when Defendant failed to hire Larry O. Knight because of his age. In or around the fall of 2006, Defendant began the process of assuming operations of certain residential facilities in Columbia, South Carolina, from Babcock Center, Inc. At the time, Mr. Knight was employed at one such facility as a Coordinator I. On January 9, 2007, Mr. Knight completed an application for employment with Defendant as was required by Defendant for all persons who were employed by Babcock Center, Inc. at the residential facilities and who wanted to continue employment with Defendant after Defendant acquired the residential facilities. In or around January 2007, Defendant informed Mr. Knight that his Coordinator I position would be consolidated with another Coordinator I position into the position of "CTH II Coordinator." Defendant interviewed Mr. Knight for the CTH II Coordinator position. At the time of the interview and subsequent selection, Mr. Knight was 73 years old and was well qualified for the position. Despite his qualifications, Mr. Knight was rejected for employment and the position was filled by someone substantially younger than Mr. Knight. Specifically, on or around January 31, 2007, Defendant selected a person who was 43 years old. The person selected by Defendant was less qualified than Mr. Knight for the CTH II Coordinator position that Mr. Knight sought.

8. The effect of the practices complained of in paragraph 7 above has been to deprive Larry O. Knight of equal employment opportunities and otherwise adversely affect his status as an applicant for employment because of his age.

9. The unlawful employment practices complained of in paragraph 7 above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in unlawful hiring practices and any other employment practice that discriminates on the basis of age against individuals 40 years of age and older.

B. Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for individuals 40 years of age and older, and which eradicate the effects of its past and present unlawful employment practices.

C. Grant a judgment requiring Defendant to pay appropriate back wages in an amount to be determined at trial, an equal sum as liquidated damages, and prejudgment interest to Larry O. Knight, whose wages are being unlawfully withheld as a result of the acts complained of above.

D. Order Defendant to make whole Larry O. Knight by providing the affirmative relief necessary to eradicate the effects of its unlawful practices, including but not limited to rightful-place hiring and front pay.

E. Grant such further relief as the Court deems necessary and proper in the public interest.

F. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

4

DATED this the 23rd day of January, 2009.

Respectfully submitted,

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
131 M. Street, N.W.
Washington, D.C.  20507

LYNETTE A. BARNES
Regional Attorney

TINA BURNSIDE
Supervisory Trial Attorney

  s/Mary Ryerse
MARY RYERSE
Trial Attorney (Fed. Bar No. 9604)
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Charlotte District Office
129 W. Trade Street, Suite 400
Charlotte, North Carolina 28202
Telephone: 704.344.6886
Facsimile:  704.344.6780
E-mail: mary.ryerse@eeoc.gov

ATTORNEYS FOR PLAINTIFF